[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
The plaintiff, Connecticut Housing Finance Authority, commenced this foreclosure action on August 19, 2002, against the defendants, Lynnell Garland and Jeremy Tripp.[1] The plaintiff alleges that the defendants mortgaged the property located at 62 Miller Road in Colchester, Connecticut to First Eastern Mortgage Corporation on June 8, 1998. On June 8, 1998, First Eastern Mortgage Corporation allegedly assigned the note and mortgage to the plaintiff. The plaintiff further alleges that said note and mortgage are in default by virtue of nonpayment of installments and interest due beginning on February 1, 2002 and each month following.
On September 30, 2002, the defendants filed an application for protection from foreclosure. The plaintiff objected to this application on September 30, 2002, claiming, inter alia, that the application is untimely pursuant to General Statutes § 49-31e.
 DISCUSSION
Gen. Stat. § 49-31e states, in pertinent part, "(b) A homeowner who is given notice of the availability of the provisions of sections 49-31d
to 49-31i, inclusive, must make application for protection from foreclosure within twenty-five days of the return day." (Emphasis added.) In the present case, the complaint was filed on August 19, 2002 with a return date of August 27, 2002. Twenty-five days after the return date is September 21, 2002. The defendants filed their application for mortgage foreclosure protection on September 30, 2002. The failure of the defendants to file this application timely waives their right to claim protection under General Statutes §§ 49-31d to 49-31i. See also WellsFargo Home Mortgage, Inc. v. Bemis, Superior Court, judicial district of New London, CV 02 0558748 (February 26, 2002, Martin, J.); HomesideLending, Inc. v. Haggerty, Superior Court, judicial district of New CT Page 2733 London, CV 00 0551725 (May 26, 2000, Martin, J.).
For the above stated reasons, the defendants' application for protection from foreclosure is denied.
Martin, J.